COURT OF APPEALS OF VIRGINIA


Present:   Judge Humphreys, Senior Judges Hodges and Overton
Argued at Chesapeake, Virginia


FORD MOTOR COMPANY

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0112-05-1                           JUDGE NELSON T. OVERTON
                                                               OCTOBER 11, 2005
WILLIAM K. FAVINGER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Barry Dorans (Samuel W. Meekins, Jr.; Wolcott, Rivers, Gates, P.C.,
            on briefs), for appellant.

            (Gregory E. Camden; Montagna Klein Camden, LLP, on brief), for
            appellee.


        Ford Motor Company (employer) appeals a decision of the Workers' Compensation

Commission awarding William K. Favinger (claimant) temporary partial disability (TPD)

benefits during certain periods of wage loss.  Employer contends the commission erred in

(1) awarding claimant TPD benefits for lost overtime where claimant failed to prove any wage

loss causally related to his compensable injury; (2) not addressing the issue of claimant's failure

to market his residual work capacity in order to recoup the lost overtime; and (3) calculating

claimant's TPD benefits based upon the actual weekly wages claimant earned during certain

weeks after his compensable injury as opposed to the average weekly wages claimant was able to

earn post-injury.  Pursuant to Rule 5A:21(b), claimant raises the additional question of whether

the commission erred in denying him TPD benefits while he was on work restrictions due to his

compensable injury and laid off by employer during two temporary plant-wide shutdowns.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Our review of the record indicates that the commission, upon review of the deputy commissioner's decision, failed to address the question raised by employer as to whether claimant adequately marketed his residual work capacity in order to recoup his lost overtime. Accordingly, we remand this matter to the commission for it to determine whether claimant adequately marketed his residual work capacity in order to recoup his lost overtime. Because we remand for a determination of that question, we do not address the additional assignments of error raised by employer and claimant.

<u>Remanded.</u>